IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALVIN REEVES, 312825 | * | |
|     Plaintiff, | | |
|     v. | * | CIVIL ACTION NO. WDQ-07-522 |
| WARDEN JAMES SMITH | * | |
|     Defendant. | | |
| | ***** | |

### MEMORANDUM

In this 42 U.S.C. § 1983 civil rights action Plaintiff alleges that on September 5, 2006, he was transferred to the Maryland Correctional Adjustment Center ("MCAC") from the Jessup Correctional Institution ("JCI") without some of his property, including 250 photographs, a pair of tennis shoes, and legal work. He claims that he was told his property would be transferred to MCAC, but none of the items were forwarded. Plaintiff also asserts that a number of MCAC officials and property officers contacted JCI about his property, without success. He asks that JCI send his legal work, books, shoes, clothes, and pictures to him.[1]

On September 20, 2007, Defendant Smith filed a motion to dismiss, which Plaintiff has opposed. *See* Paper Nos. 10 & 13. Oral hearing is deemed unnecessary. *See* Local Rule 105.6. (D. Md.). For reasons to follow, Defendant's Motion to Dismiss shall be granted.

Defendant argues that this case should be dismissed because he has had no personal involvement in the alleged loss of Plaintiff's property. Further, as an affirmative defense the Warden asserts that Plaintiff has failed to exhaust administrative remedies. The Court concurs.

The Complaint does not allege that Warden Smith had any personal involvement in the alleged property loss. Plaintiff alleges that Smith is generally liable for the actions or inactions of his officers in securing his property and sending it to MCAC. To establish supervisory liability on

---

[1] Plaintiff is currently confined at the Western Correctional Institution in Cumberland, Maryland.

the part of the Warden, Plaintiff must show that: (1) Smith had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury; (2) Smith's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between Smith's inaction and the particular constitutional injury suffered by Plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff has failed to establish liability on the part of the Warden.

Further, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 126 S.Ct. 2378, 2385-86 (2006). Exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendant(s). *See Jones v. Bock*, 127 S.Ct. 910, 919-22 (2007); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.2d 674, 682 (4th Cir. 2005).

This Complaint falls under the exhaustion prerequisites of § 1997e(a), and Plaintiff's case must be dismissed unless he can show that he has satisfied the administrative exhaustion

requirement or that Defendant has forfeited his right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd,* 98 Fed. Appx. 253 (4th Cir. June 2, 2004) (per curiam).[2]

Plaintiff acknowledges that he has not exhausted his remedies. He claims, however, that he wrote MCAC officers and spoke to MCAC Assistant Warden Crowder through February of 2007. Paper No. 13. Plaintiff asserts that to his knowledge there is an ongoing investigation into his property, making it "impossible to exhaust administrative remedies." *Id*. Moreover, he alleges that he filed this Complaint because the Division of Correction Directives prohibit him from filing a remedy "after 15 days has elapsed or passed." *Id*. The Court finds these arguments unavailing. The requirement for exhaustion of administrative remedies can be either statutorily or judicially imposed. Statutory exhaustion requirements are mandatory, while the judicial, or common-law, exhaustion doctrine is discretionary and includes a number of exceptions. *See Beharry v. Ashcroft*, 329 F.3d 51, 56-57 (2[d] Cir. 2003). In *Booth v. Churner*, 532 U.S. 731 (2001) the Supreme Court expressly found that Congress had statutorily mandated exhaustion under 42 U.S.C. § 1997e(a) and "we will not read futility or other exceptions into statutory exhaustion requirements...." *Id*. at 741.

For these reasons Plaintiff's Complaint against Warden Smith shall be dismissed. A separate Order follows.

Date: <u>October 25, 2007</u>                    <u>        /s/                </u>
                                                William D. Quarles, Jr.
                                                United States District Judge

---

[2] Under *Chase*, a Maryland inmate may satisfy exhaustion by seeking review of an Administrative Remedy Procedure ("ARP") complaint denial from the Warden to the Commissioner and then appealing the Commissioner's decision to the Inmate Grievance Office ("IGO"), the *final level* of appeal within Maryland's administrative grievance system for prisoners. *See Chase v. Peay*, 286 F.Supp.2d 523 at 529 (emphasis added).